UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedric Wise, | C/A No. 6:10-1412-RBH-KFM |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Carolyn Mamgault;<br>Franklin Jefferson;<br>Timothy Clark;<br>McKither Bodison;<br>Ann Hallman, | |
| Defendants. | |

The Plaintiff, Cedric Wise (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution (LCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names several LCI employees as Defendants.[2] The complaint should be dismissed as a duplicate filing.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

**Background**

The instant pleadings allege that, on March 25, 2010, Defendants Nurse Carolyn Mamgault, Captain Timothy Clark, and Sergeant Franklin Jefferson visited Plaintiff's cell. *See* Complaint, page 4; Entry 1-5, page 3. Plaintiff overheard the three Defendants stating that the inmates in Plaintiff's cell did not need a tuberculosis (TB) shot, because the two inmates had already tested positive for TB. *Id.* Plaintiff spoke with Defendant Mamgault, who informed Plaintiff that he had tested positive for TB in 2009. *See* Complaint, page 5; Entry 1-5, page 3. Plaintiff explained to Defendants Mamgualt, Clark, and Jefferson that he had never been notified of his positive TB test or been treated for TB. *Id.* Plaintiff claims the Defendants "all laughed" and walked away. *Id.* Plaintiff attributes recent vision problems and weight loss to his untreated medical condition. *See* Complaint, page 5; Entry 1-5, page 4.

2

Plaintiff states that he filed a Step One grievance on March 25, 2010, and "wrote both Warden McKither Bodison and Ann Hallman" about his medical issues. *See* Complaint, page 5, Entry 1-5, page 3. However, Plaintiff states he has received no replies from Defendants Bodison and Hallman. *See* Complaint, page 6; Entry 1-5, page 3. Plaintiff believes that his alleged denial of medical care is in retaliation for an October 1, 2009, assault on a correctional officer, for which Plaintiff was found guilty. *Id.* Plaintiff seeks monetary damages and injunctive relief. *See* Complaint, page 9; Entry 1-5, page 5.

## Discussion

The instant complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the Plaintiff has previously brought two actions in this District Court under § 1983, which involve the same Defendants and assert nearly identical allegations as the instant action. *See Cedric Wise v. McKither Bodison, et al.*, Civil Action No. 6:10-1267-RBH-KFM (D.S.C.); *Cedric Wise v. McKither Bodison, et al.,* Civil Action No. 6:10-979-RBH-KFM (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to

3

take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This Court takes judicial notice of Civil Action Numbers (C/A No.'s) 6:10-1267-RBH-KFM and 6:10-979-RBH-KFM (also referred to herein as "Plaintiff's prior cases.")

Plaintiff's prior cases, which are both currently pending[3], were received by the Court and docketed on May 18, 2010 (C/A No. 10-1267) and April 20, 2010 (C/A No. 10-979). As in the instant action, the complaints in Plaintiff's prior cases name McKither Bodison, Franklin Jefferson, and Ann Hallman as Defendants. Further, although not named as Defendants in Plaintiff's prior cases, the actions of Nurse Carolyn Mamgualt and Captain Timothy Clark are discussed in those pleadings. As in the instant case, Plaintiff's prior cases allege that, in March of 2010, Plaintiff learned from Nurse Mamgault that he had tested positive for TB in 2009. *See* Complaint 10-1267, page 4; Complaint 10-979, page 5. Plaintiff's prior cases also alleged that Sergeant Franklin Jefferson and Captain Timothy Clark were present when Nurse Mamgault spoke with the Plaintiff. *Id.* Plaintiff's previous pleadings also state that he received no treatment for this medical condition and that he wrote to Ann Hallman and McKither Bodison about this issue to no avail. *See* Complaint 10-1267, page 5; Complaint 10-979, pages 5,6. Plaintiff further attributes his alleged denial of medical care to retaliation for an assault on an officer. *See* Complaint 10-979, page 6. As in the instant action, the previous cases seek monetary damages and injunctive relief. *See* Complaint 10-1267, page 10; Complaint 10-979, page 9.

A plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, No. 95-2485, 1996 WL 293181 at *3 (4th Cir. June 4, 1996)(affirming award of summary judgment based on collateral estoppel and res judicata). The issues in the complaint *sub judice,* as they relate to each of the Defendants named in this action, are currently

---

[3] Orders directing service of process on the Defendants in C/A No.'s 10-1267 and 10-979 were issued on May 21, 2010.

being addressed in C/A No.'s 10-1267 and 10-979. Therefore, this duplicate §1983 complaint should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

## Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

July 12, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).